UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JUAN ANTONIO CORREA,

      Plaintiffs,                                  CASE NO.:

vs.

BRAVO SUPERMARKET AT BELLE GLADE LLC
a Florida Limited Liability Company,
d/b/a BRAVO SUPERMARKET AT BELLE GLADE

Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, JUAN ANTONIO CORREA (hereinafter "CORREA"), by and through his undersigned Counsel, and sues the Defendant, BRAVO SUPERMARKET AT BELLE GLADE LLC, a Florida Limited Liability Company, d/b/a BRAVO SUPERMARKET AT BELLE GLADE (hereinafter "BRAVO SUPERMARKET"), alleging the following:

## JURISDICTION AND VENUE

1. This is a civil action with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C § 1311 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws, namely the Florida's Worker's Compensation Law, Florida Statutes Chapter 440, pursuant to 28 U.S.C. § 1367.

4. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C §1391(b), because all actions giving rise to this claim arose in the Judicial Circuit.

5. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

6. At all times material hereto and currently, BRAVO SUPERMARKET was/is duly authorized and licensed to do business in Palm Beach County, Florida, with its physical location at 524 Doctor Martin Luther King Blvd E, Belle Glade, Florida 33430.

7. At all times material hereto and currently, BRAVO SUPERMARKET is the owner and operator of Bravo Supermarket at Belle Glade, a supermarket that provides customers with goods within its location in Palm Beach County.

8. In the course and scope of its business, BRAVO SUPERMARKET employed at least two (2) employees within the meaning of the FLSA.

9. In the course and scope of its business, BRAVO SUPERMARKET had/has many employees who regularly handled, sold, and otherwise worked on goods and materials that were moved in and/or produced for commerce by any person.

10. In the course and scope of its business, BRAVO SUPERMARKET engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

11. BRAVO SUPERMARKET had/has annual gross sales and/or business volume of $500,000 or more.

12. At all times material hereto, CORREA was, and is, a resident of Palm Beach County, Florida, and was an "employee" of BRAVO SUPERMARKET as defined by the FLSA.

13. BRAVO SUPERMARKET controlled CORREA's duties, hours worked and compensation. Accordingly, BRAVO SUPERMARKET was CORREA's "employer" as defined by the FLSA.

## ALLEGATIONS OF UNPAID OVERTIME WAGES

14. Plaintiff, JUAN ANTONIO CORREA, was employed as a full-time meat butcher at BRAVO SUPERMARKET beginning in 2016.

15. Upon the premises being purchased by BRAVO SUPERMARKET AT BELLE GLADE, LLC in April of 2020, CORREA continued to work in the meat department as a meat butcher up until his termination in December 2021.

16. Throughout his employment with BRAVO SUPERMARKET, CORREA exhibited exemplary job performance and received no disciplinary warnings or demotions.

17. BRAVO SUPERMARKET did not pay CORREA any overtime wages during some of his employment, as reflected through his paystubs.

18. CORREA's rate of pay at BRAVO SUPERMARKET during the relevant times of his employment was $18.75 per hour.

19. Accordingly, CORREA's entitled overtime pay was $28.13 per hour (time and a half of his $18.75 hourly pay rate).

20. CORREA worked anywhere from 0 to 22 hours of overtime per week.

21. From December 21, 2020, through August 1, 2021, CORREA worked at least 243.62 hours of overtime for which he did not receive compensation.

22. At a rate of $28.13 per overtime hour and the accrual of 243.62 hours of overtime, CORREA is owed a total of $6,853.03. A detailed breakdown is attached hereto as *Exhibit A*.

23. BRAVO SUPERMARKET knowingly and willingly refused to pay CORREA his legally entitled overtime wages.

## ALLEGATIONS OF WORKERS' COMPENSATION RETALIATION

24. On March 15, 2021, within the course and scope of his employment with BRAVO SUPERMARKET, CORREA suffered a work-related injury as a result of carrying heavy objects and unloading meat from delivery trucks into the store.

25. On April 24, 2021, CORREA suffered an additional work-related injury where he injured his thumb on his left hand while cutting meat.

26. CORREA timely reported these injuries to BRAVO SUPERMARKET and filed claims for medical and indemnity benefits through BRAVO SUPERMARKET's workers compensation insurance carrier.

27. As a result of his workplace injury, CORREA was diagnosed with a hernia that required surgery, which was performed on October 5, 2021.

28. Following his medical procedure and recovery, CORREA was cleared to begin work by his authorized treating physicians on December 2, 2021.

29. CORREA immediately and repeatedly attempted to communicate his physician's approval to return to work with management at BRAVO SUPERMARKET in order to be reinstated on the work schedule.

30. At all times relevant, BRAVO SUPERMARKET ignored CORREA's calls.

31. Following CORREA's filing of his workers compensation claims, BRAVO SUPERMARKET retaliated against CORREA and refused to admit him back onto the schedule once medically cleared.

32. On December 7, 2021, after multiple phone calls, CORREA personally visited BRAVO SUPERMARKET.

33. On December 7, 2021, CORREA spoke with the meat department manager about returning to work.

34. On December 7, 2021, the meat department manager informed CORREA that the meat department needed labor and intended to hire new employees.

35. Accordingly, on December 7, 2021, CORREA attempted to speak to the owner of BRAVO SUPERMARKET; however, as she was not available, CORREA left a message requesting that the owner call him to discuss his return.

36. After receiving no response from BRAVO SUPERMARKET, CORREA again visited the store on December 12, 2021, and saw that there was a "Help Wanted" sign at the front of the store specifically hiring for full-time and part-time positions in the meat department. Photos of the sign taken by CORREA are attached as *Composite Exhibit B*.

37. Shortly thereafter, on December 13, 2021, CORREA received a phone call from a Spanish-speaking employee by the name of Lupita who stated she was calling on behalf of the owner of BRAVO SUPERMARKET, Mimi Nguyen (hereinafter "Ms. Nguyen").

38. At the December 13, 2021 phone call, Lupita advised CORREA that Ms. Nguyen stated he was terminated due to CORREA taking too much time from work.

39. At the December 13, 2021 phone call, Lupita advised that Ms. Nguyen further stated as a result of his absence, BRAVO SUPERMARKET found new employees to replace CORREA, and the meat department was currently overstaffed and could not afford to provide CORREA employment.

40. BRAVO SUPERMARKET terminated CORREA on December 13, 2021 for taking time off although his leave was physician-authorized through BRAVO SUPERMARKET's workers compensation carrier.

41. BRAVO SUPERMARKET further claimed overstaffing as cause for CORREA's termination, but it posted a "Help Wanted" for the meat department on its front windows.

42. Upon information and belief, CORREA was terminated in retaliation for filing his claims for work-related injuries, in violation of Florida Statute 440.205.

43. CORREA retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT 1 – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

44. Plaintiff, JUAN ANTONIO CORREA, realleges and incorporates the allegations in paragraphs 1 through 23 above as if fully set forth herein.

45. Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

46. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).

47. CORREA brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that he is entitled to the following: (a) overtime wages as listed above, and (b) liquidated damages.

48. At all relevant times, BRAVO SUPERMARKET employed CORREA within the meaning of the FLSA.

49. During CORREA's employment with BRAVO SUPERMARKET, and at all times relevant to this action, CORREA regularly worked overtime hours but was not paid time and one-half compensation for each additional hour he worked in excess of forty (40) hours per week.

50. Specifically, CORREA is owed for working at least 243.62 hours of overtime for BRAVO SUPERMARKET.

51. The total amount due and owing to CORREA is $6,853.03, which is subject to change as CORREA engages in the discovery process, plus liquidated damages. As noted in the Allegations of Unpaid Overtime Wages, a breakdown of this amount is included in *Exhibit A*.

52. BRAVO SUPERMARKET's failure to pay CORREA his overtime compensation from December 2020 to August 2021 is in direct violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

53. BRAVO SUPERMARKET's actions as alleged in this complaint have been willful and intentional. BRAVO SUPERMARKET has not made a good faith effort to comply with the FLSA with respect to the compensation of CORREA.

54. CORREA seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. §216(b).

## COUNT II – VIOLATION OF FLORIDA'S WORKERS' COMPENSATION LAW
## (FLA.STAT. §440.205)

55. Plaintiff, JUAN ANTONIO CORREA, incorporates the allegations contained in paragraphs 1 through 16 and 24 through 43, above as it fully set forth herein.

56. Florida Statute Section 440.205 states the following: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

57. At all times material, CORREA was acting in a way consistent with the procedures for those seeking workers' compensation benefits under Chapter 440, Florida Statutes, a statutorily protected expression.

58. CORREA's claims for workers' compensation benefits were valid under Florida law.

59. CORREA repeatedly attempted to contact BRAVO SUPERMARKET management to be placed back on the work schedule once he was medically cleared to return to work.

60. BRAVO SUPERMARKET ignored CORREA and subsequently terminated his employment under pretext.

61. There is no valid reason for BRAVO SUPERMARKET to have discharged CORREA by reason of his claim for compensation under the Florida Workers' Compensation Law.

62. BRAVO SUPERMARKET terminated CORREA on the basis of an alleged "overstaffing" issue yet continued to advertise, via signs posted on their property, their intent to hire new workers in the meat department where CORREA had been employed.

63. Any and all bases stated by BRAVO SUPERMARKET for terminating CORREA are pretextual.

64. CORREA's termination by BRAVO SUPERMARKET was an adverse employment action.

65. CORREA has suffered from direct pecuniary losses, including lost wages, and will suffer future pecuniary losses as a direct result of BRAVO SUPERMARKET'S above-described violations of Florida Statute § 440.205.

66. As a direct and proximate result of BRAVO SUPERMARKET's wrongful termination of CORREA, he has suffered emotional distress, inconvenience, mental anguish, and other similar damages.

67. Due to irreconcilable differences, reinstatement is impossible.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUAN ANTONIO CORREA, demands judgment against Defendant, BRAVO SUPERMARKET AT BELLE GLADE, LLC, a Florida Limited Liability Company, d/b/a BRAVO SUPERMARKET AT BELLE GLADE, and requests the following relief:

(a) A judgment in favor of CORREA for BRAVO SUPERMARKET's violations of the FLSA;

(b) An order requiring BRAVO SUPERMARKET to compensate CORREA for unpaid overtime wages in the amount of $6,853.03 and for liquidated damages in the amount of an additional $6,853.03 under the FLSA;

(c) Declare BRAVO SUPERMARKET's conduct to be in violation of Florida Statute § 440.205;

(d) Award the equitable remedy for back pay and front pay in lieu of reinstatement;

(e) Award compensatory damages to CORREA;

(f) An award to CORREA for all costs and reasonable attorneys' fees incurred in connection with this action;

(g) An award to CORREA for prejudgment interest on all monetary recovery obtained;

(h) An injunction permanently enjoining BRAVO SUPERMARKET, its officers, agents, employees, assigns and all persons in active concert of participation with them, from engaging in any employment practices that violate the FLSA and Florida Statute § 440.205; and

(i) Any such additional or alternative relief which this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, JUAN ANTONIO CORREA, demands a trial by jury on all issues so triable.

Dated February 15, 2022.

Respectfully submitted,

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Andrea C. Sconzo**
ANDREA C. SCONZO, ESQUIRE
Florida Bar No.: 0105578
SAMATHA L. SIMPSON, ESQUIRE
Florida Bar No.: 1010423
**Primary Email:** andrea@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** natalia@sconzolawoffice.com